**In re Grand Jury Subpoena of Fred VIGORITO et al., Appellees, United States of America, Appellant.**

**No. 1063, Docket 74-1322.**

United States Court of Appeals, Second Circuit.

Argued April 26, 1974.

Decided July 11, 1974.

Fred F. Barlow, Brooklyn, N. Y. (Edward J. Boyd, V, U. S. Atty., for the E. D. N. Y., Dennis Dillon, James W. Dougherty, Dept. of Justice, New York City, on the brief), for appellant.

Gustave H. Newman, Brooklyn, N. Y., for appellees.

Before LUMBARD and HAYS, Circuit Judges, and JAMESON, District Judge.*

HAYS, Circuit Judge:

■■■ The appellees' conversations in the Highway Lounge in Williamsburg, Brooklyn were overheard and recorded by means of microphones secreted by the government pursuant to court orders. Appellees are not currently defendants in any criminal action, and have not been called to testify before the grand jury which is investigating the subject matter of the conversations. They moved under Chapter 119 of Title 18 of the United States Code [1] to discover the contents of the interception orders and supporting papers, and to suppress the use and derivative use by the grand jury of tapes of their conversations. The district court granted the motion. The government appeals from the district court's order, which directs that no use be made of recordings of the appellees' conversations or matter derived therefrom without first disclosing to counsel for the appellees the contents of the authorizing orders and supporting papers, and which permits the appellees to move to suppress the intercepted matter after the expiration of a reasonable time after disclosure. The district court premised discovery of the orders entirely on its holding that the appellees have a right to pursue a motion to suppress, and on its finding that the orders will aid appellees' counsel in proceeding with such a motion. The principal issue on this appeal is whether one whose conversations are overheard pursuant to court-ordered electronic surveillance and who is not a criminal defendant or grand jury witness may move under 18 U.S.C. § 2515 (1970) to suppress the use of recordings of his conversations. We hold that he may not.

On April 12 and May 3, 1973, Judge Bartels of the Eastern District of New York signed orders permitted by 18 U. S.C. § 2518 (1970) authorizing the interception and continued interception of oral communications at the Highway Lounge. Judge Neaher authorized further continued interception on May 24, 1973. During April, May and June the oral communications of the appellees were overheard and recorded by concealed electronic equipment placed in the lounge. In September 1973 the appellees and about 40 other persons were served with inventories pursuant to 18 U.S.C. § 2518(8)(d) (1970), notifying them that the intercept orders had been entered and that oral communications had been intercepted. The appellees were subsequently served with grand jury subpoenas requiring them to provide voice exemplars for comparison with the intercepted communications. They were not required to testify before the grand jury. Each supplied an exemplar which consisted of a recitation of the first and second paragraphs of the Declaration of Independence.

The appellees moved the district court for discovery by their counsel of the surveillance orders and for suppression of the intercepted conversations. On oral argument they moved in the alternative for suppression and return of the intercepted conversations under F.R. Crim.Proc. 41(e). Without reaching the Rule 41(e) issue, Judge Dooling held that under section 2515 the appellees had the right to move for suppression, despite the fact 2515 does not by its terms provide a suppression remedy,[2]

---

* Honorable William J. Jameson, Senior District Judge for the District of Montana, sitting by designation.

1. 18 U.S.C. §§ 2510–2520 (1970). Chapter 119 provides a comprehensive scheme for regulating wiretapping and electronic surveillance. It was added to Title 18 by Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 82 Stat. 211 (1968).

2. Section 2515 provides in relevant part: "Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury . . . if the disclosure of that information would be in violation of this chapter." 18 U.S.C. § 2515 (1970).

and despite the fact that the suppression procedure provided by Chapter 119, see 18 U.S.C. § 2518(10), does not by its terms apply to grand jury evidence.

Before reaching the statutory issue, we note that the exclusionary rule, a rule which permits a criminal defendant to suppress the use at his trial of evidence and the fruits of evidence obtained in violation of his constitutional rights, see Weeks v. United States, 232 U.S. 383, 35 S.Ct. 199, 58 L.Ed. 652 (1914); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), does not give the appellees the right to suppress the use of evidence by a grand jury. In United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), the Supreme Court held that a witness ordered to testify before a grand jury may not refuse to testify on the ground that the inquiry is derived from evidence obtained in the course of an unlawful search and seizure. The Court weighed the historic function and power of the grand jury against the prophylactic purpose of the exclusionary rule and concluded that the exclusionary rule's potential for impeding the grand jury's investigative function outweighs its potential for deterring illegal law enforcement activity. It refused to allow the witness in effect to bring on a suppression hearing by refusing to answer, expressing a "disinclination to allow litigious interference with the grand jury proceedings." 414 U.S. at 350, 94 S.Ct. at 621. The Calandra rationale applies with equal force in a case like the present, where a suppression hearing is brought on by a non-witness's motion. The non-witness's interest in the investigation is more tenuous than a witness's interest since he is not subject to the court's contempt power. Giving the present appellees the benefit of the exclusionary rule would interfere with the function of the grand jury to an even greater extent than giving the benefit of the rule to witnesses, yet it would not have a greater deterrent effect on illegal law enforcement activity.

Thus, if the appellees are entitled to move to suppress grand jury evidence, such entitlement must be based on a specific statute rather than the exclusionary rule. The district court held that section 2515 is a statutory basis for a motion to suppress grand jury evidence. We disagree.

In In re Persico, 491 F.2d 1156 (2d Cir. 1974), a case decided after the entry of the order in the present case, we held that a witness before a grand jury who has refused to answer a question and who is being proceeded against for contempt may assert the defense that the question posed is the product of electronic surveillance unlawful under Chapter 119 "only if there is an absence of a necessary court order or if there is a concession from the Government that the surveillance was not in conformity with statutory requirements or if there is a *prior* judicial adjudication that the surveillance was unlawful." 491 F.2d at 1162 (emphasis in original). The defendant in that case argued that he should be permitted a plenary hearing to test the validity of the electronic interception from which the question derived, relying mainly on Gelbard v. United States, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972). We rejected that argument, noting that while the *Gelbard* court held that in a contempt proceeding a witness who refuses to testify before a grand jury may avail himself of the defense that the question is derived from *unauthorized* electronic surveillance, it did not decide "whether [witnesses] may refuse to answer questions if the interceptions of their conversations were pursuant to court order." 408 U.S. at 61 n. 22, 92 S.Ct. at 2368. Nevertheless, Mr. Justice White, writing a separate opinion supplying the decisive vote, see 408 U.S. at 69, 92 S.Ct. 2357, suggested that, if an interception is supported by a court order, requiring a hearing as to

the validity of the order would be an unwarranted infringement upon the traditional prerogatives of the grand jury:

"Where the Government produces a court order for the interception . . . and the witness nevertheless demands a full-blown suppression hearing to determine the legality of the order, there may be room for striking a different accommodation between the due functioning of the grand jury system and the federal wiretap statute. Suppression hearings in these circumstances would result in protracted interruption of grand jury proceedings. At the same time, prosecutors and other officers who have been granted and relied on a court order for the interception would be subject to no liability under the statute, whether the order is valid or not; and, in any event, the deterrent value of excluding the evidence will be marginal at best." 408 U.S. at 70, 92 S.Ct. at 2372.

In *Persico* we adopted Justice White's suggestion. We found that the legislative history of section 2518(10), the only provision in Title 119 that specifically provides for suppression hearings, indicates that Congress did not intend Title 119 to interfere with traditional methods of conducting grand jury proceedings so long as the interception is not patently illegal:

"As noted, though Congress prescribed that illegal wiretap evidence must be excluded from all grand jury proceedings, hearings to suppress evidence were not to be permitted during such proceedings. These seemingly inconsistent policy determinations can be reconciled only by interpreting the statute as requiring exclusion only when it is clear that a suppression hearing is unnecessary, as when the Government concedes that the electronic surveillance was unlawful or when the invalidity of the surveillance is patent, such as, for example, when no prior court order was obtained, or when the unlawfulness of the Government's surveillance has been established in a prior judicial proceeding. In these situations both statutory policies—the exclusion of illegally acquired evidence and the maintenance of unimpeded grand jury proceedings —are served. But where illegality is claimed and, if established, can be established only by way of a plenary suppression hearing, one important aim of the legislation would be frustrated." 491 F.2d at 1161–1162.

The appellees do not claim that their case is one in which the tapes of their conversations should or may be suppressed without a hearing; in fact they ultimately seek a hearing on their motion to suppress. Rather they argue that *Persico* does not govern this case because they are *not witnesses before the grand jury*, and because they are not *being proceeded against for contempt*. These two distinctions suggest that there is even less justification for a plenary suppression hearing in the present case than there was in *Persico*. In *Persico* our rationale for not allowing the witness to initiate a hearing on the legality of evidence derived from our concern that the hearing would impede the grand jury investigation. The same concern is dispositive in the present case. Were we to permit the boundless class of non-witnesses to move for suppression we would create an infinite potential for disruption of grand jury proceedings. If every non-witness overheard in the course of the electronic gathering of evidence were allowed to object to the consideration of that evidence, the jury's inquiry would move at a snail's pace pending the resolution of a myriad of suppression motions. Non-witness objection to grand jury evidence, if permitted at all, must be limited to those cases in which the illegality can be established without a hearing.

■ The appellees' alternate motion for the suppression and return of their conversations under Rule 41(e) has no basis in the text of the Rule. In Bova v. United States, 460 F.2d 404 (2d Cir. 1972), we held, albeit in the context of

our appellate jurisdiction, that telephone conversations are not "property" as that term is used in Rule 41(e). We see no reason to apply a different standard in this case. Decisions urged upon us by the appellees which extend the protection of the Fourth Amendment to governmental seizures of intangibles, compare Katz v. United States, 389 U.S. 347, 353, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), with Olmstead v. United States, 277 U.S. 438, 457, 466, 48 S.Ct. 564, 72 L.Ed. 944 (1928), are not relevant to the narrow issue of what constitutes "property" as that term is used in Rule 41(e). Since the conversations are not property of the appellants, they are not subject to return and suppression under Rule 41(e).

Reversed.