OPINION OF THE COURT
Richard M. Platkin, J.
Petitioner brings this application pursuant to CPLR article 78 “seeking a mandamus to compel the respondent to return confiscated money in the amount of $5,233.00.” Respondent *687 Kingston Police Department argues that petitioner lacks standing to maintain this proceeding, as he is not the owner of the confiscated funds.
On or about October 24, 2006, petitioner was arrested. In connection with that arrest, respondent Kingston Police Department confiscated currency, in the amount of $5,233, from petitioner. Ultimately, petitioner pleaded guilty to one count of criminal possession of a controlled substance in the fourth degree.
By this application, petitioner seeks to compel respondent to return the seized funds, contending that the currency he seeks to have returned is not per se contraband and that no forfeiture proceedings have been instituted with respect to such funds.
In opposition to the petition, respondent directs the court’s attention to the grand jury testimony given by petitioner in connection with the charge to which he ultimately pleaded guilty. In that testimony, petitioner swore under oath that the confiscated funds actually belong to an individual named “Rick Lambert,” his former employer. Petitioner claimed to have picked up the money for Mr. Lambert, the owner of a paving company in Kingston, as a deposit for a job he was to do.
Specifically, petitioner testified, in pertinent part:
“Q. And the person that you picked up the fifty-two hundred dollars, have they filed a claim against Rick wanting the money?
“A. Rick wants his money back. I don’t know he can get the money back. I have asked and told them that he wanted to come pick up his money but they didn’t give me a receipt or anything for the money at the police station or tell me where he has to go to claim his money, and, sir, it was five thousand. It was fifty-two hundred thirty-three, sir they took from me. It was five thousand for Rick’s deposit.”
In general, possession of property at the time of arrest is prima facie evidence of some kind of rightful ownership or title (see Ferreira v United States, 354 F Supp 2d 406, 409 [SD NY 2005]). Further, “[u]nless there are serious reasons (presented by the government or adverse claimants) to doubt a person’s right to the property seized from him, he need not come forward with additional evidence of ownership” (United States v Wright, 610 F2d 930, 939 [DC Cir 1979]).
In this case, however, petitioner’s own prior testimony conclusively establishes that he is not the owner of the funds in *688 his possession at the time of arrest. This testimony, given under oath under penalty of perjury, unequivocally disclaims any ownership interest in the seized property (see 2003 Ops Atty Gen No. 2003-17 [government may not ignore affirmative evidence of another person’s entitlement to seized property]).
As such, even though the property sought to be returned is not contraband per se and not the subject of a forfeiture proceeding, petitioner nonetheless lacks standing to maintain this proceeding.*
Accordingly, the petition must be dismissed.

 And, in any event, petitioner’s testimony negates the clear legal right necessary to obtain mandamus relief.