

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-1999

# U.S. v. Chambers

Precedential or Non-Precedential:

Docket 97-5501

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"U.S. v. Chambers" (1999). *1999 Decisions.* Paper 255.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/255

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES of America
v.
Ceverilo CHAMBERS, Appellant

No. 97-5501.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 20,
1998

Filed Sept. 13, 1999

On Appeal From the United States District Court For the District of New
Jersey. (D.C. Criminal No.94-cr-00585-3) District Judge: Honorable
Nicholas H. Politan.

Ceverilo Chambers Pro se Appellant.

George S. Leone, Esq., Perry Carbone, Esq., Office of United States
Attorney, Newark, NJ, Attorneys for Appellee.

Before: MANSMANN, RENDELL and STAPLETON, Circuit Judges

OPINION OF THE COURT

RENDELL, Circuit Judge.

We are asked to determine whether appellant's motion for return of
property filed pursuant to Rule 41(e), Fed.R.Crim.P., is moot because the
government no longer possesses the property that was seized at the time of
appellant's arrest. We hold that a motion for return of property does not
become moot merely because the government no longer retains the seized
property. We further conclude that the District Court should have taken
evidence to determine whether the government properly disposed of
appellant's property. Accordingly, we will
vacate the order of the District Court denying appellant's motion and will
remand for further proceedings consistent with this opinion.

I.

Ceverilo Chambers pled guilty to drug related offenses on February 28,
1995, and was sentenced to a term of 62 months imprisonment. His
conviction was affirmed by this Court on January 31, 1997. On June 10,
1997, after criminal proceedings had ended, Chambers filed a motion for
the return of property seized by the government when he was arrested.
Specifically, he requested the return of a 1987 Road Ranger and a 1993
Toyota Corolla, as well as company records, keys, and a wallet.

In its response to the motion, the government asserted that the motion was
moot because it no longer retained the property sought by Chambers. On
July 23, 1997, the District Court denied Chambers' motion because it
concluded that there was no property to be returned. Relying upon the

government's assertions, the District Court stated that the 1987 Road Ranger had been forfeited, that the 1993 Toyota Corolla had been released to a repossession company, that the papers had been destroyed, and that the keys and the wallet had been returned to Chambers' girlfriend, at his request.

Proceeding pro se and in forma pauperis, Chambers filed a timely notice of appeal from the denial of his motion for return of property. The appeal initially was referred to a panel of this Court for a determination whether the appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2). The panel declined to dismiss the appeal as frivolous. Instead, the Court directed the government to submit documentation to support any statements regarding the disposition of Chambers' property.

On appeal, the government argues that the District Court properly dismissed Chambers' motion for return of property because there was no longer any property to return. The government has provided documents indicating that the 1987 Road Ranger was administratively forfeited on April 14, 1995,1 that the 1993 Toyota was released to a repossession company, apparently on December 19, 1994,2 and that the papers were destroyed on May 15, 1996. Chambers requests that we direct the District Court to conduct fact-finding regarding the disposition of his property.

_____

1. The government also provided a document regarding a 1984 Trailer that was forfeited on January 27, 1995. Chambers does not raise any issues with respect to this vehicle, and we, therefore, will not consider it.

2. Although the government states that the Toyota Corolla was released to the repossession company on December 19, 1994, we note that the document submitted in support of that statement contains two dates. The document contains the following printed and typewritten statement: "Executed in triplicate this 19th day of Dec. 1995." However, the dates handwritten next to each of the signatures of the parties who executed the Hold Harmless Agreement is "12–19–94." If material, the District Court may resolve this factual question upon remand.

_____

II.

Before we turn to the merits of the appeal, we must address the threshold question of jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998). It is well settled that the government is permitted to seize evidence for use in investigation and trial, but that such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture. See United States v. 608 Taylor Ave., Apartment 302, 584 F.2d 1297, 1302 (3d Cir.1978); see also United States v. Wilson, 540 F.2d 1100, 1103 (D.C.Cir.1976) (District Court has both the jurisdiction and duty to return property against which no government claim lies). A person aggrieved by the deprivation of property may file a motion under Rule

41(e), Fed.R.Crim.P.,3 to request the return of that property. Government of Virgin Islands v. Edwards, 903 F.2d 267, 273 (3d Cir.1990). A District Court has jurisdiction to entertain a motion for return of property made after the termination of criminal proceedings against the defendant; such an action is treated as a civil proceeding for equitable relief. See United States v. Martinson, 809 F.2d 1364 (9th Cir.1987); Rufu v. United States, 20 F.3d 63 (2d Cir.1994); Thompson v. Covington, 47 F.3d 974, 975 (8th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's decision to exercise its equitable jurisdiction for abuse of discretion.
See Ramsden v. United States, 2 F.3d 322, 324 (9th Cir.1993).

_____

3. Fed.R.Crim.P. 41(e) reads:

    Motion for Return of Property. A person aggrieved by an unlawful search
and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

_____

III.

The government asserts that it is obvious that in order for a District Court to grant a motion for return of property there must be something to return. This argument might succeed if the government had never had actual or constructive possession of the property at issue. See, e.g., United States v. Solis, 108 F.3d 722 (7th Cir.1997).

However, that is not the case here. In essence, the government argues that Chambers' motion under Rule 41(e) is moot because the government no longer has anything to return.4  Such an argument has been rejected uniformly by the Courts of Appeals. See, e.g., United States v. Kanasco, Ltd., 123 F.3d 209, 210 n. 1 (4th Cir.1997); Thompson v. Covington, 47 F.3d 974, 975 (8th Cir.1995) (per curiam); Mora v. United States, 955 F.2d 156, 160 (2d Cir.1992); Martinson, 809 F.2d at 1368; United States v. Francis, 646 F.2d 251, 262–63 (6th Cir.1981); Mr. Lucky Messenger Serv., Inc. v. United States, 587 F.2d 15, 17 (7th Cir.1978).

In Mora, the District Court had denied a prisoner's motion for return of property on the ground that it could not direct the government to return property that it no longer had. 955 F.2d 156 (2d Cir.1992). In holding that the
motion for return of property was not moot, the Court of Appeals explained:

when the government gives away, loses or destroys a prisoner's property, such unilateral conduct on the government's part does not ... deprive the court ... of its jurisdiction. Rather, when a court has asserted its equitable jurisdiction over a matter, it retains that jurisdiction so long as necessary to afford appropriate relief to the movant.

955 F.2d at 160.

We agree and join those Courts that have held that a motion for return of property is not rendered moot merely because the government no longer possesses the seized property.

Although this Court has not addressed the precise question presented here, we find support for our conclusion in our decision in United States v. Frank, 763 F.2d 551, 552 (3d Cir.1985). There, we reversed the District Court's order holding that it did not have jurisdiction to determine who was entitled to property sought through a motion for return of property.5 We rejected the government's argument that the District Court did not have jurisdiction to return the property because the check at issue had been converted to cash proceeds and placed in funds in the Treasury, explaining that, "[t]he IRS, merely by converting the form of evidence, may not frustrate the district court's authority to control the disposition of evidence in a criminal prosecution." Id. at 553. Likewise, the government can not defeat a properly filed motion for return of property merely by stating that it has destroyed the property or given the property to third parties.

_____

4. The concept of mootness as applied herein relates to the "mooting" of jurisdiction by virtue of lack of possession of the property in question. See United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir.1987).

5. In Frank, defendant's business partners filed a motion for return of a check that was seized by the IRS on the ground that the check belonged to them.

_____

We now turn to the second question presented in this matter: which party bears the evidentiary burden when a motion for return of property is made after the termination of criminal proceedings? Specifically, we must decide whether the District Court properly denied Chambers' motion solely on the strength of the government's representations that the property had been transferred to third parties, destroyed or forfeited.

If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property. Martinson, 809 F.2d at 1369. "Generally, a Rule 41(e) motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.' " United

States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir.1991). The burden shifts to the government when the criminal proceedings have terminated. Martinson, 809 F.2d at 1369. At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property. Id.; see also Edwards, 903 F.2d at 274 (after termination of criminal proceedings, the government must show "that it had a legitimate reason not to return the property to the person from whom it was seized"). The government may meet this burden by demonstrating "a cognizable claim of ownership or right to possession" adverse to that of the movant. Van Cauwenberghe, 934 F.2d at 1061. The government must do more than state, without documentary support, that it no longer possesses the property at issue. See Mora, 955 F.2d at 159.

If, as in this case, the government asserts that it no longer has the property sought, the District Court must determine, in fact, whether the government retains possession of the property; if it finds that the government no longer possesses the property, the District Court must determine what happened to the property. Id. The District Court must hold an evidentiary hearing on any disputed issue of fact necessary to the resolution of the motion. See United States v. Dean, 100 F.3d 19, 21 (5th Cir.1996); United States v. Hess, 982 F.2d 181, 186 (6th Cir.1992).

IV.

Because no evidence was offered or taken in this matter, the government did not meet its burden and the District Court did not discharge its duty under Rule 41(e). Accordingly, we will vacate the District Court's order denying appellant's motion for return of property and remand for further proceedings consistent with this opinion. Upon remand, the District Court shall determine whether it was proper for the government to surrender the 1993 Toyota to the repossession company and to destroy appellant's business documents. If the District Court concludes that the government's actions in either regard were not proper, it shall determine what remedies are available.

Inasmuch as Chambers has asserted that he was not provided notice of the forfeiture of the 1987 Road Ranger, the District Court shall permit him to amend his motion to assert this collateral attack upon the forfeiture. See Robinson v. Hanrahan, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972) (per curiam) (an order for forfeiture may be set aside if the manner of notice does not comport with due process); United States v. Marolf, 173 F.3d 1213, 1999 WL 198913 (9th Cir. Apr.12, 1999) (constitutionally deficient notice of administrative forfeiture renders the forfeiture void); Clymore v. United States, 164 F.3d 569, 574 (10th Cir.1999) (where notice was constitutionally deficient and statute of limitations problems exist, forfeiture should be vacated and the statute of limitations allowed to operate, subject to any available government arguments against it); United States v. Volanty, 79 F.3d 86, 88 (8th Cir.1996) (when an administrative forfeiture is void for lack of notice, the forfeiture must be set aside and the government ordered to return the property or to commence judicial forfeiture in the District Court).

Given the complexity of the issues in this matter, the District Court may wish to appoint counsel for Chambers upon remand.