**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 99-6668

JAMES EARL LINDSEY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-96-858)

Submitted: December 14, 1999

Decided: January 7, 2000

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

James Earl Lindsey, Appellant Pro Se. Harold Watson Gowdy, III,
OFFICE OF THE UNITED STATES ATTORNEY, Greenville,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Earl Lindsey appeals the district court's order denying his Fed. R. Crim. P. 41(e) motion for return of seized property. Because the burden was on the government to demonstrate a legitimate reason to retain the cash and jewelry at issue, and no such showing has been made, we vacate and remand.

At the time of Lindsey's arrest for possession of powder and crack cocaine, officers seized marijuana, powder cocaine, crack, $1860 in cash, and jewelry that Lindsey values at $5000. Lindsey moved to suppress statements made at the time of arrest as well as the drugs and currency. After the district court denied his motion to suppress, Lindsey changed his plea to guilty.

He moved following acceptance of his guilty plea for return of the items. The district court denied the motion because the items might be used in the pending prosecution. Subsequently, while his direct criminal appeal was pending, Lindsey renewed his Rule 41(e) motion. The district court denied the motion because of the pendency of the appeal and the possibility that, if the conviction were overturned and a trial conducted, the items might be used as evidence at trial. Subsequently, after we upheld Lindsey's conviction and sentence on direct appeal, he filed another motion for return of the currency and jewelry. The district court denied the motion because it previously had ruled the search and seizure of the cash, statements, and drugs constitutional. Lindsey timely appeals.

In a postconviction Rule 41(e) proceeding, "a criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence." United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993); see United States v. Duncan , 918 F.2d 647, 654 (6th Cir. 1990). In this case, there is no dispute that the government seized the cash and jewelry from Lindsey. Because this property is not contraband, Lindsey is presumably entitled to return of the property.

2

Once the movant makes out a prima facie case of lawful entitlement, the burden shifts to the government to show that "it has a legitimate reason to retain the property." <u>United States v. Chambers</u>, 192 F.3d 374, 377 (3d Cir. 1999). The government may meet this burden by showing that there was a valid forfeiture proceeding where the movant had adequate notice of--and an opportunity to contest--the forfeiture. <u>See United States v. Clagett</u>, 3 F.3d 1355, 1356 (9th Cir. 1993) (opportunity to be heard in forfeiture proceeding permits dismissal of Rule 41(e) motion); <u>see also Chambers</u>, 192 F.3d at 377.

Here, the government has never responded to any of Lindsey's Rule 41(e) motions, including the one that presently is at issue. There is nothing in the record to contradict Lindsey's allegations that no forfeiture proceedings against the property have been initiated. On the current record, then, the government has failed to meet its burden of showing a legitimate reason to retain the cash and jewelry.

Accordingly, the district court erred in denying the Rule 41(e) motion. We therefore grant leave to proceed in forma pauperis, vacate the district court's order, and remand so that the government may respond to the motion and for such other proceedings as may be warranted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>