**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6879**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JOSE JESUS MORA, a/k/a Jose Jesus Nuesslein, a/k/a Joe Mora,
a/k/a Jose Jesus Neusslein,

        Defendant – Appellant.

**No. 09-7405**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JOSE JESUS MORA, a/k/a Jose Jesus Nuesslein, a/k/a Joe Mora,
a/k/a Jose Jesus Neusslein,

        Defendant – Appellant.

Appeals from the United States District Court for the Eastern
District of Virginia, at Norfolk. Raymond A. Jackson, District
Judge. (2:07-cr-00062-RAJ-JEB-1; 2:08-cv-00361-RAJ)

Submitted: November 9, 2009      Decided: December 1, 2009

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

No. 09-6879 vacated and remanded; No. 09-7405 dismissed by unpublished per curiam opinion.

_____

Jose Jesus Mora, Appellant Pro Se. Stephen Westley Haynie, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Jose Jesus Mora seeks to appeal various orders of the district court, including its order denying Mora's Fed. R. Crim. P. 41(g) motion for return of property, as well as its order denying relief on Mora's 28 U.S.C.A. § 2255 (West Supp. 2008) motion. With regard to Appeal No. 09-7405, an appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Mora has not made the requisite showing. Accordingly, we deny a certificate of appealability in Appeal No. 09-7405, deny all pending motions in that appeal, and dismiss the appeal.

We nonetheless vacate the district court's order denying Mora's Rule 41(g) motion for return of property in Appeal No. 09-6879.* The denial of a Rule 41(g) motion for return of property is reviewed for an abuse of discretion. See United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999). A district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). "Perhaps its most obvious manifestation is in a failure or refusal, either express or implicit, actually to exercise discretion, deciding instead as if by general rule, or even arbitrarily, as if neither by rule nor discretion." See id.

In its order denying Mora's first motion for return of property, the district court stated that the Government was still retaining Mora's property "for investigative purposes." The district court correctly denied this motion based on the Government's assurances that the evidence was still being

---

* With the exception of the district court's order denying Mora's Rule 41(g) motion in Appeal No. 09-6879, we find that the remaining orders challenged by Mora in that appeal did not become final appealable orders until the district court dismissed Mora's § 2255 motion. Thus, to the extent that Mora challenges other orders in Appeal No. 09-6879, we reject his challenges as part of our dismissal of Appeal No. 09-7405.

4

investigated by the FBI, and that it would attempt to expedite the FBI's analysis.

We nonetheless find that it was error for the district court to summarily deny Mora's second motion for return of property, which was filed nearly one year after Mora's first motion — and nearly nine months after Mora's convictions and sentence were affirmed by this court — without first determining whether the FBI's investigation was complete. In fact, although the Government was required to establish that it was still justified in retaining Mora's property, see Chambers, 192 F.3d at 377, the district court did not seek the Government's response before summarily denying the motion.

Because there is no independent basis establishing that the district court properly exercised its discretion in denying the Rule 41(g) motion, we vacate the district court's January 14, 2009 order denying Mora's Rule 41(g) motion, and remand for further proceedings. We deny all pending motions in Appeal No. 09-6879 and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 09-6879 VACATED AND REMANDED
No. 09-7405 DISMISSED