**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-7046**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RICHARD DONNELL RUDISILL,

                    Defendant - Appellant.


_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:01-cr-00048-LHT-7)

_____

Submitted:  November 12, 2009        Decided:  December 28, 2009

_____

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard Donnell Rudisill, Appellant Pro Se. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Donnell Rudisill appeals the district court's order denying his Federal Rule of Criminal Procedure 41(g) motion for return of property. The denial of a motion for return of property under Fed. R. Crim. P. 41(g) is reviewed for an abuse of discretion. United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999). A district court abuses its discretion when it fails or refuses to exercise its discretion, fails "adequately to take into account judicially recognized factors constraining its exercise" of discretion, or exercises its discretion based upon "erroneous factual or legal premises." James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

Although the district court improperly declined to consider the merits of Rudisill's motion, we nevertheless affirm the denial of the Rule 41(g) motion. "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A defendant's Rule 41(g) motion "may be denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." United States v. Van Cauwenberghe, 934 F.2d 1048, 1060-61 (9th Cir. 1991). There is no evidence that $2,956 was seized from Rudisill as he claims. Rather, the Government acknowledges that

2

$1,480 was seized, but was retuned to Rudisill on September 16, 2008. Moreover, Rudisill's Rule 41(g) motion as to his Jaguar is denied because the car was subject to forfeiture. Van Cauwenberghe, 934 F.2d at 1060-61. The indictment sought forfeiture of the Jaguar on the ground that it was used to facilitate Rudisill's drug trafficking. See 21 U.S.C. § 853(a)(2) (2006). Evidence at trial established that Rudisill drove the car to buy drugs, and that drug dogs indicated that drugs had been inside of the car.

Rudisill next alleges that the district court judge was biased. A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a) (2006); see United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003), or in situations in which the judge has a personal bias or prejudice against or in favor of an adverse party. See Liteky v. United States, 510 U.S. 540, 555 (1994). We have thoroughly reviewed the record and conclude that there is nothing to suggest that the district court's impartiality might reasonably be questioned.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED