[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 15, 2010
JOHN LEY
CLERK

No. 09-14538
Non-Argument Calendar

_____

D. C. Docket No. 08-20931-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS PALACIOS GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 15, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Juan Carlos Palacios Gonzalez appeals *pro se*[1] the district court's denial of his motion, filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, for the return of $500 and other personal property taken from him pursuant to his arrest. He asserts the district court abused its discretion in denying his motion because there is a presumption that he is entitled to the property, and the Government failed to provide an adequate justification for its failure to return it. We address his claim, first with regard to the $500 and next with regard to the remaining property. We affirm the district court's ruling as to the former and reverse and remand as to the latter.

I.

Federal Rule of Criminal Procedure 41(g) states:

[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Overall, "[a] motion to return seized property under Rule 41(g), is a motion in equity, in which courts will determine all the equitable considerations in order to

---

[1]We "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

make a fair and just decision." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). "When an owner invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." *Id.*

When a district court denies a Rule 41(g) motion, we review questions of law *de novo* and the district court's factual findings for clear error. *Id.* at 973. In addition, we review the denial of a Rule 41(g) motion for equitable reasons for an abuse of discretion. *United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006), *overruled on other grounds by United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009).

## II.

We affirm the district court's denial of Palacios Gonzalez's motion as to the $500. To invoke Rule 41(g), the movant must show both a possessory interest in the seized property and have clean hands. *Howell*, 425 F.3d at 974.

Palacio Gonzalez pleaded guilty to one count of knowingly and intentionally importing 100 grams or more of heroin into the United States, in violation of 21 U.S.C. § 952(a), and one count of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1). In pleading guilty, Palacios Gonzalez agreed, in open court, to forfeit "all of his right,

3

title and interest" in the $500 referenced in the indictment, pursuant to 21 U.S.C. § 853. The Government then moved for a preliminary order of forfeiture for the $500 mentioned in the indictment, pursuant to § 853. The district court adopted the Government's motion, and preliminarily ordered that the $500 be forfeited to the Government under § 853. The district court then sentenced Palacios Gonzalez to a total sentence of 57 months' imprisonment and ordered "the forfeiture consistent with the indictment."

After Palacios Gonzalez was sentenced and the court entered his judgment, the Government filed a declaration of publication, which noted that, pursuant to § 853(n)(1), notice of the forfeiture for the $500 had been posted online for at least 30 consecutive days. In addition, the Government moved for a final order of forfeiture with regard to the $500. The district court adopted the Government's motion, and issued a final order of forfeiture regarding Palacios Gonzalez's interest in the $500. In particular, the order stated Palacios Gonzalez forfeited "all right, title and interest" in the $500 and vested clear title in the United States.

Consequently, because Palacios Gonzalez cannot show a possessory interest in the $500, and Palacios Gonzalez has unclean hands with regard to the money, as the $500 was seized from his possession during the course of his drug-trafficking, the district court did not abuse its discretion in denying him equitable relief under

4

Rule 41(g). *See Machado*, 465 F.3d at 1307 (holding that it would be inequitable to return the fruits of the movant's crimes to the movant); *Howell*, 425 F.3d at 974.

III.

We reverse the district court's ruling as to the remainder of Palacios Gonzalez's property. The district court denied Palacios Gonzalez's motion as to the $500, based solely on the Government's unverified claims made in its response to Palacios Gonzalez's Rule 41(g) motion. The Government claimed it "provided more than adequate opportunity to pick up the property," and that upon the passage of the 30-day period required before considering the property abandoned, the Government continued to possess the personal property until it gave final notice that it would be disposed. After the Government failed to receive a response to the notice, the Government considered the property abandoned and destroyed it in accordance with agency policy.

In interpreting Rule 41(g),[2] we have stated that "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001) (quotation omitted).

---

[2] In 2002, Federal Rule of Criminal Procedure 41(e) was reclassified as Rule 41(g) with no substantive changes. *Howell*, 425 F.3d at 976 n. 3.

"The government must do more than state, without documentary support, that it no longer possesses the property at issue." *Id.* (quoting *United States v. Chambers*, 192 F.3d 274, 377–78 (3d Cir. 1999). Consequently, when the government does not verify its claim that the seized property was destroyed, and there is no evidence in the record to show that the property was actually destroyed, the government fails to meet its burden under Rule 41(g). *Id.* In this case, the Government offered no evidence to support its claim that the remainder of Palacios Gonzalez's personal belongings had been destroyed.

Palacios Gonzalez asserts that if the Government cannot return the property he requests, he should be granted either equitable relief or money damages. In *Potes Ramirez*, although we noted that the Government had sovereign immunity preventing the movant's claim for money damages, we did recognize a district court's ability to fashion equitable relief in instances where property had been destroyed. *Id.* at 1315–16. Because the Government in *Potes Ramirez* failed to provide evidence supporting its claims that the movant's property had been destroyed, we reversed the district court's denial of the 41(g) motion and remanded to the district court to enable the parties to present evidence that would allow the court to make determination about what relief might be equitable. *Id.* at 1314-16.

6

Because the Government failed to present any evidence that Palacios Gonzalez's remaining property was destroyed, we vacate the district court's decision with regard to the property and remand to allow the parties to present evidence as to whether the property was been destroyed, and, if so, what equitable relief might be appropriate.

**AFFIRMED in part, VACATED AND REMANDED in part.**