NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2724
_____

UNITED STATES OF AMERICA

v.

TYRONE TIDWELL
also known as
RICO

Tyrone Tidwell,
                    Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 2:94-cr-00353-001)
District Judge: Hon. Stewart Dalzell

Submitted Under Third Circuit 34.1(a)
March 26, 2012
_____

Before: FUENTES, SMITH, and JORDAN, *Circuit Judges*.

(Opinion Filed: April 18, 2012)
_____

OPINION OF THE COURT
_____

1

FUENTES, *Circuit Judge*.

This case comes on appeal from an order of the United States District Court for the Eastern District of Pennsylvania, which denied appellant Tyrone Tidwell's motion for the return of property that had been administratively forfeited. The issue before the Court is whether Tidwell was provided with constitutionally adequate notice of the administrative forfeiture proceeding. We hold that the Government satisfied both statutory and constitutional notice requirements. We will therefore affirm.

**I.**

As we write primarily for the parties, we omit much of the lengthy procedural history of this case and discuss only those facts necessary to our decision.

On September 7, 1994, Tyrone Tidwell was charged with conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846; operating a continuing criminal enterprise, in violation of 21 U.S.C. § 848; committing two murders in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A); and related offenses. Ultimately, Tidwell pled guilty to all counts of the indictment and was sentenced to life imprisonment.

In the fall of 1995, while Tidwell was in pretrial detention, the Drug Enforcement Agency began proceedings to forfeit $6,341, representing proceeds from the sale of Tidwell's car. On September 18, 1995, the Drug Enforcement Agency sent Tidwell two separate Notices of Seizure by certified mail. One notice was sent to Tidwell's last known home address, and the other was sent to him at the Philadelphia Detention Center, where he was then being held in federal custody. Tidwell never responded to either

2

notice. Pursuant to 21 C.F.R. § 1316.75(a), the Drug Enforcement Agency also published notice of the forfeiture in *USA Today*, a newspaper of general circulation. After receiving no response from Tidwell for over two months, the Drug Enforcement Agency filed a Declaration of Forfeiture for the property on November 20, 1995.

Tidwell asserts that he did not receive adequate notice of the forfeiture proceeding at the time that it occurred, and thus his due process rights were violated. On November 20, 2000, Tidwell filed a motion for return of property under Federal Rule of Criminal Procedure 41, seeking the return of the $6,341 that was administratively forfeited by the Drug Enforcement Agency in 1995. On June 15, 2011, after many delays, the District Court determined that proper notice had been given, and denied Tidwell's motion. Tidwell filed a timely appeal.

## II.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We review a District Court's denial of a motion for return of property for abuse of discretion. *United States v. Chambers,* 192 F.3d 374, 376 (3d Cir. 1999). "The District Court abuses its discretion where its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Danvers Motor Co., Inc. v. Ford Motor Co.*, 543 F.3d 141, 147 (3d Cir. 2008) (internal quotation and citation omitted).

3

**A.**

The Fifth Amendment's Due Process Clause "prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'" *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Due process requires that individuals receive "notice and an opportunity to be heard before the Government deprives them of property." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993). In all cases in which proper notice under the Due Process Clause is at issue, the touchstone of our analysis is whether the notice was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

In the administrative forfeiture context, the Supreme Court of the United States has held that when a property owner is incarcerated, due process is satisfied when notice of an administrative forfeiture is sent by certified mail to the prison where the claimant is incarcerated. *Dusenbery*, 534 U.S. at 173; *see United States v. McGlory*, 202 F.3d 664, 674 (3d Cir. 2000) (en banc). We have added that if the Government wishes to rely on the mail as a means of satisfying the notice requirement, it bears the burden of establishing that the procedures at the prison to which an administrative forfeiture notice was sent were "reasonably calculated to deliver the notice to the intended recipient." *United States v. One Toshiba Color Television*, 213 F.3d 147, 150 (3d Cir. 2000) (en banc). By regulation, the Government must also publish notice "in a newspaper of

4

general circulation in the judicial district in which the processing for forfeiture is brought." 21 C.F.R. § 1316.75(a); *see also* 19 U.S.C. § 1607(a).

**B.**

The means taken by the Government to provide Tidwell with notice comply with the Due Process Clause as interpreted by *Dusenbery*, where the Supreme Court held that mailing notice to a prisoner at his place of incarceration is "reasonably calculated, under all the circumstances, to apprise [the prisoner] of the pendency of the action." *Dusenbery*, 534 U.S. at 173 (citing *Mullane*, 339 U.S. at 314). In addition to satisfying the requirement that notice be sent to a prisoner at his or her place of incarceration by certified mail, the Government has carried its burden of demonstrating that adequate procedures existed within the prison that would ensure that notice would be delivered.[1] *See One Toshiba Color Television*, 213 F.3d at 155.

Tidwell does not dispute that the Government sent the notices to his last known address and to the prison where he was incarcerated, that the prison received the notice and had a policy and procedure in place for distribution of mail to inmates, and that the Government published notice in *USA Today*. Rather, Tidwell argues for the first time on appeal that the notice the Government provided was insufficient because the Government could have assured that the Notice of Seizure was directly handed to him or sent to his attorney, but it failed to do so. The argument that the Government must provide a prisoner with actual notice was squarely rejected by the Supreme Court in *Dusenbery*.

---

[1] Specifically, the Government provided the District Court with a copy of the Philadelphia prison policy governing the delivery of mail to inmates.

*Dusenbery*, 534 U.S. at 171 ("[O]ur cases have never required actual notice."); *see One Toshiba Color Television*, 213 F.3d at 155 (holding that "the government need not prove actual notice to the prisoner . . . ."). Furthermore, Tidwell's argument that the Government should have provided his attorney with notice finds no support in Supreme Court or Third Circuit precedent. Accordingly, Tidwell's legal argument is without merit, and we agree with the District Court's decision that the notice given satisfied due process.

## III.

For the reasons stated above, we will affirm.