**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2971
_____

UNITED STATES OF AMERICA

v.

ROBERT R. DAVIES,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 07-cr-00436-001)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 8, 2014
Before:  RENDELL, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: February 9, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Robert R. Davies appeals the District Court's orders denying his motion for return of property under Fed. R. Crim. P. 41(g) and granting the Government's motion for a final order of forfeiture. For the reasons discussed below, we will affirm.

In 2009, Davies pleaded guilty in the United States District Court for the Western District of Pennsylvania to knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, in violation of 18 U.S.C. §§ 2423(b), (e). The conviction stemmed from Davies' 2007 arrest, which occurred after he drove from Ohio to Pennsylvania and picked up two teenage girls (ages 14 and 19) with whom he had engaged in a sexually explicit conversation in a pre-teen chat room. Davies, who was 32 at the time, had represented to the girls that he was 19 years old. Pursuant to his plea agreement, Davies admitted that his crimes "involved the use of a computer to persuade, induce, or entice a minor to engage in sexually prohibited conduct . . ." He also agreed to:

> . . . voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. § 2253(a)(3),[1] including but not limited to the following: a Dell XPS 400 desktop computer,[2] a Dell Dimension desktop computer, a Seagate external hard drive, and related storage media.

---

[1] This citation was incorrect; the property was subject to forfeiture under 18 U.S.C. § 2428(a)(1).

[2] This computer was released after it was determined that it belonged to Davies' father and did not contain any contraband.

2

During the plea colloquy, the District Court asked Davies if he understood that he "may be required to forfeit certain property to the government as part of" his sentence. Davies responded, "I understand." The Government further summarized the plea agreement, indicating that Davies was "agreeing to forfeit his computer, which is not limited to a Dell XPS 400 desktop computer. There's a Dell Dimension Seagate external hard drive, and any storage." There was no objection from Davies' counsel, and he stated in open court that the terms of the plea agreement, as set forth by the government, were correct.

In 2009, Davies was sentenced to time served – 19 months – and a lifetime of supervised release. During the sentencing colloquy, the Court ordered the forfeiture of the Dell dimension computer and Seagate hard drive ("the property"), absent any objection from Davies or his counsel. The judgment of conviction reflects the stated forfeiture. In 2012, the Government filed a proof of publication, pursuant to Fed. R. Crim. P. 32.2(b)(6)(A); Davies' father filed a claim against the property, which he subsequently withdrew, and the Government then moved for a final order of forfeiture. In response, Davies filed a motion for return of property pursuant to Rule 41(g), arguing, inter alia, that the indictment failed to provide the requisite notice of the forfeiture. The District Court denied Davies' motion and entered a final order of forfeiture on June 2, 2014; Davies timely appealed, seeking review of both orders.

As a threshold matter, the Government challenges our jurisdiction to review the District Court's decisions. The order of forfeiture was imposed on October 16, 2009, as part of the judgment of sentence; at that juncture, the forfeiture order was "final" as to Davies. See Fed. R. Crim. P. 32.2(b)(4)(A); United States v. Pelullo, 178 F.3d 196, 202 (3d Cir. 1999) ("the order of forfeiture entered at sentencing is a final order with respect to the defendant from which he can appeal."). However, Davies waived his appellate rights as part of his plea agreement; as a result, he did not take a direct appeal, and the time for filing a notice of appeal from the forfeiture order has expired. See Fed. R. App. P. 4(b). Accordingly, to the extent Davies is seeking to challenge the final order of forfeiture entered at sentencing, the appeal is untimely and must be dismissed for lack of jurisdiction. As the government notes, Davies lacked standing to challenge the final order of forfeiture entered on June 2, 2014, as that proceeding was ancillary, and subject to third parties only. See Fed. R. Crim. P. 32. 2(c); Pellulo, 178 F.3d at 202.

Contrary to the Government's contention, we have jurisdiction to entertain Davies' appeal from the denial of his motion for return of property pursuant to 28 U.S.C. § 1291. A motion for return of property is treated as a civil proceeding for equitable relief. United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999). We review questions of law relating to the Rule 41(g) motion de novo, and the District Court's exercise of its equitable powers for abuse of discretion. Id.[3]

---

[3] The Rule 41(g) motion was timely, as it was filed within six years of the final order of

Pursuant to 18 U.S.C. § 2428(a)(1), any property used to commit the offense of interstate travel with intent to engage in illicit sexual conduct "shall [be] forfeit[ed]." A district court must enforce a statutory forfeiture provision. See United States v. Jalaram, Inc., 599 F.3d 347, 351 n.3 (4th Cir. 2010). However, "[c]riminal forfeiture is a criminal punishment, see Libretti v. United States, 516 U.S. 29, 39-41 (1995), and as with any punishment, there are procedural safeguards on its use." United States v. Bennett, 423 F.3d 271, 276 (3d Cir. 2005). Rule 32.2 of the Federal Rules of Criminal Procedure sets forth the procedures governing criminal forfeiture. Pursuant to Rule 32.2(a), "[a] court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." Moreover, the due process clause requires notice and an opportunity to be heard before the Government may deprive an individual of property through forfeiture. See United States v. James Daniel Good Real Property, 510 U.S. 43, 48-50 (1993). Davies argues that he did not receive proper notice of forfeiture because the indictment failed to contain any reference to it. The Government does not dispute that there was no notice of its intention to seek criminal forfeiture in the indictment.

---

forfeiture. See United States v. Sims, 376 F.3d 705, 708-09 (7th Cir. 2004) (holding that the six-year catch-all statute of limitations for civil actions against the federal government under 28 U.S.C. § 2401(a) is applicable to a Rule 41(g) motion).

As the Government notes, the provisions of the Federal Rules of Criminal Procedure are presumptively waivable, absent an express intent by Congress to preclude waiver. United States v. Mezzanato, 513 U.S. 196, 201 (1995). Rule 32.2 contains no express waiver, nor does it make clear what sanction results, if any, from the failure of the Government to provide notice of forfeiture. Likewise, due process rights to notice and hearing are waivable in both civil and criminal contexts, provided the waiver is "voluntary, knowing, and intelligently made." Overmyer Co., Inc. v. Frick Co., 405 U.S. 174, 185 (1972). Although he did not receive notice in the indictment, the record reflects that Davies had actual notice of the forfeiture early and often in the proceedings. The plea agreement contained written notice of the exact property to be forfeited. Davies had oral notice of the forfeiture at the plea hearing and an opportunity to object to it. Davies did not file any objection during the nearly five months prior to his sentencing, despite the presentence investigation report (PSR) clearly indicating the forfeiture. Again, Davies did not object when advised at sentencing that the property was to be forfeited, and indeed stipulated to it. "The 'essential purpose' of notice is to inform the defendant that the government seeks forfeiture so that the defendant can marshal evidence in his defense." See United States v. Loe, 248 F.3d 449, 464 (5th Cir. 2001). Accordingly, having had actual notice of the forfeiture prior to voluntarily entering his plea, Davies knowingly waived his right to notice in the indictment. See United States v. Martin, 662 F.3d 301, 309 (4th Cir. 2011) (upholding forfeiture, despite non-compliance with Rule

6

32.2, where defendants were "indisputably on notice at the time of sentencing that the district court would enter forfeiture orders"). Because it would have been inequitable to return the voluntarily forfeited property – which Davies admittedly used to carry out his crime – the District Court did not abuse its discretion in denying his Rule 41(g) motion.

We reject Davies' alternative argument, raised for the first time on appeal, that the property was not subject to forfeiture because the wrong forfeiture statute was referenced in the plea agreement. As we noted previously, the plea agreement indicated that the property was subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(3); the property was actually subject to forfeiture under 18 U.S.C. § 2428(a)(1). Although the forfeiture was subsequently referenced at the plea hearing, in the PSR,[4] at sentencing, and in the judgment, there was no reference to a statutory basis for it. It is evident from the record, however, that the parties were clear throughout the proceedings that the Dell Dimension desktop computer and the Seagate external hard drive were subject to forfeiture. It is also clear that Davies readily admitted that he used the property to effectuate his crime and, therefore, pursuant to § 2428(a)(1), the property was subject to mandatory forfeiture.[5] The reference to § 2253 in the plea agreement was merely a scrivener's error which does

---

[4] Davies' only objection to the PSR related to the Dell XPS 400 desktop computer, which the Government properly returned.

[5] For this reason, we need not address Davies' alternative "contraband" and "Rule G" arguments, as the property was subject to forfeiture as an instrument of the crime for which he was convicted.

not negate the explicit terms of the plea agreement that stated the property to be forfeited.

Based on the foregoing, we will affirm the judgment of the District Court.