[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13092
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-20474-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODGER GONZALEZ, JR.,
a.k.a. Roger Gonzalez, Jr.,
a.k.a. Roger Gonzalez Valdez, Jr.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 1, 2019)

Before JILL PRYOR, BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Roger Gonzalez, Jr., proceeding *pro se*, appeals several district court orders denying his motion for return of property, motion for retention of property, and emergency motion for reconsideration.  For the reasons that follow, we affirm the denial of each of Gonzalez's motions.

## I.    BACKGROUND

In 2011, pursuant to a written plea agreement, Gonzalez pleaded guilty to one count of knowingly carrying a firearm during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2), respectively.  Gonzalez admitted to participating in the robberies referenced in the indictment and agreed to pay any restitution owed the victims of those crimes.  Specifically, he agreed to the entry of an Order of Restitution in the sum of $148,110.63.  The district court then ordered Gonzalez to pay restitution in the amount of $148,110.63 and noted that Gonzalez's scheduled payments over time "do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations."

On June 27, 2012, Gonzalez was sentenced.  Gonzalez did not appeal his conviction, sentence, or restitution order.

More than four years post-conviction, in January 2017, Gonzalez filed a *pro se* Motion for Return of Property, pursuant to Rule 41(g) of the Federal Rules of

Criminal Procedure,[1] and requested that the government return any items that might have been held because they were seized during the investigation that resulted in his conviction.  In his motion, Gonzalez asserted that he was the "rightful owner" of the items.

The government responded on February 3, 2017, and provided a list of items, identified as (a)–(l), that were seized as evidence pursuant to the investigation and had been taken from Gonzalez's person or vehicle, and agreed to return items (a)–(k), including a box of five cellular phones.  The government declined to return item (l), which was listed as "$680 in US Currency." The government opposed the return of $680 because Gonzalez owed $148,110.63 in restitution; it reasoned that the $680 should therefore be applied to his outstanding restitution obligation.[2]

On February 20, 2017, the district court found that Gonzalez's motion was moot as to items (a)–(k) because the government had agreed to return those items. Regarding the remaining item—the $680 in US currency—the court found that the government had properly identified the money as subject to the restitution order. The district court thus ordered that it be transferred to the Clerk of Court in the

---

[1] "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g)

[2] We need not reach the issue of whether the Mandatory Victim's Restitution Act ("MVRA"), 18 U.S.C. § 3663A, imposes a lien in favor of the United States on all property and rights to property of Gonzalez.  As discussed herein, Gonzalez is not entitled to the return of the $600. As to the $80, Gonzalez concedes that the $80 should be applied to his restitution amount.

U.S. District Court for the Southern District of Florida's Financial Section to be applied to the outstanding restitution, in accordance with 18 U.S.C. § 3612.

After the district court issued its February 20 Order, the government filed a supplemental response to Gonzalez's original motion to return property indicating that the government had learned that there were additional items in its possession. In this supplemental response, filed on March 7, 2017, the government identified three categories of items: Group 1: additional items to be returned; Group 2: items to be destroyed; and Group 3: women's jewelry.  As to the Group 3 items, the government stated that Gonzalez would have 60 days to make a claim by demonstrating that the jewelry was his, either by receipt or affidavit. The government would then auction the jewelry that he proved ownership of and apply the proceeds toward the restitution amount he still owed.

Gonzalez then filed a Motion for Reconsideration of the district court's February 20 order, arguing that the court entered the order prematurely because $600 of the $680 belonged to his mother and should not have been applied to his restitution.  Gonzalez also stated that he would submit an affidavit by his mother in support of his newly-raised argument that $600 of the $680 belonged to her.  He requested that the court return the $600 or treat her affidavit as a third party claim pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.  He asked the court to reconsider its order denying as moot his return of property and grant him

4

an extension of time for him to file a notice of appeal while his motion for reconsideration was pending.

Gonzalez concurrently filed a Motion for Retention of Property, asking the court to order that all property seized from him during the course of the investigation be held until his motion for reconsideration had been resolved or he appealed.

On March 13, 2017, Gonzalez's mother, Maria Ortega, filed an affidavit stating that $600 of the $680 that was seized belonged to her.  In response, the government argued that Gonzalez did not have standing to assert a claim against the $600 and, regardless, such a claim would be moot because the money had been transferred to the clerk per the district court's prior order.

On March 22, 2017, the court ordered Gonzalez to file any and all objections to the government's supplemental response by March 31, 2017.  The court then granted Gonzalez's motion for an extension of time to file a consolidated response to the government's initial response and supplemental response.  This extension set April 27, 2017 as the new deadline for Gonzalez to respond.

On May 5, 2017, the district court granted Gonzalez's motion for reconsideration in part, explaining that it had reconsidered his motion for return of property but decided to deny it.  The court noted that Gonzalez had failed to file a response or objections to the government's initial response or supplemental

5

response despite being granted an extension to do so through and including April 27, 2017. The court reasoned that, therefore, Gonzalez's argument that he did not have an opportunity to respond to the government's initial response was moot.[3] The court found Gonzalez's claim regarding his cellular phones moot because the government had returned or offered to return a box containing five cellular phones. Notably, the court also found it troubling that Gonzalez now claimed that $600 of the seized money belonged to his mother—a third party—but did not make that claim initially in his Motion for Return of Property. The district court concluded that Gonzalez had no standing to request the return of money belonging to a third party, and thus his claim was moot. The court also denied Gonzalez's motion for retention of property.

On May 8, 2017, Gonzalez's "Consolidated Reply in Opposition to the United States Response to his Pending Motion for Return of Property" was docketed. Gonzalez had signed the document on April 26, 2017, stating under penalty of perjury that he had deposited it into the internal mail system for processing by prison officials on that same date.

---

[3] Gonzalez also claimed that he had not received a property invoice from the government. However, the court found Gonzalez's claim to be moot because the government had provided a copy of the invoice to Gonzalez and his representatives on multiple occasions and had attached a copy of it as an exhibit to previous filings that were sent to Gonzalez.

On May 8, presumably without knowledge of Gonzalez's consolidated reply, the district court issued an order substantively identical to its May 5 order denying his motion for return of property. The court again denied his motion for retention of property.

Gonzalez then filed an "Emergency Motion for Reconsideration of the Court's Adjudication of the Motion for Return of Property," which asked the district court to reconsider the four orders it had issued on May 5 and May 8. In his Motion for Reconsideration, Gonzalez specifically mentioned that his consolidated reply was timely filed. The district court denied Gonzalez's Motion for Reconsideration on June 20, 2017. In doing so, the district court noted that it had "reviewed the Motion" and was "fully advised in the premises."

Gonzalez filed a notice of appeal as to the district court's orders of May 5, May 8, and June 20. Gonzalez also filed a motion for retention of property, asking this Court to order the government to retain all disputed property pending the outcome of his appeal, which motion this Court denied.

## II.    MOTION FOR RECONSIDERATION

Gonzalez alleges the district court abused its discretion in denying his Motion for Reconsideration because it failed to take into account his timely-filed consolidated reply. We review the denial of a motion for reconsideration for abuse of discretion. *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

Simply because the district court denied Gonzalez's motion for reconsideration does not mean that the district court did not consider Gonzalez's consolidated reply. To the contrary: the May 18 motion for reconsideration specifically noted the timeliness of his consolidated reply and the district court's June 20 order explicitly stated that the court had "reviewed the Motion [for Reconsideration]" and was "fully advised in the premises." Gonzalez's argument is refuted by the plain language of the order, which assures us that the district court did, in fact, consider the motion for reconsideration and underlying pleadings before it. Because the district court reviewed his motion for reconsideration which included his consolidated reply, Gonzalez's argument that the district court abused its discretion for not considering his consolidated response fails.

III.    MOTIONS FOR RETURN AND RETENTION OF PROPERTY

Gonzalez also challenges on appeal the district court's denial of his motions for return and motion for retention of property, arguing that the $600 purportedly belonging to his mother was improperly applied to his restitution. Gonzalez initially claimed the $680 belonged to him before changing his position and asserting that $600 belonged to his mother. The district court found such a change in argument to be "troubling" and denied Gonzalez's motions because it determined Gonzalez lacked standing to bring such claim and that such a claim was moot. The government agrees with the district court's determination that the

8

entire $680 was subject to the 2012 Restitution Order and argues that the district court correctly denied Gonzalez's motion because, if the money belongs to Gonzalez's mother, Gonzalez lacks "standing to seek the return of property belonging to a third party."

"Rule 41(g) rulings are based on a balancing of the equities and are reviewed under the abuse of discretion standard. Balancing the equities is a matter for the district court in the first instance." *United States v. De La Mata*, 535 F.3d 1267, 1279 (11th Cir. 2008) (citing *United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006)). We may affirm on any ground supported by the record. *Trotter v. Sec'y, Dep't of Corr.*, 535 F.3d 1286, 1291 (11th Cir. 2008) (quoting *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1356 (11th Cir. 2007) (internal quotations omitted)).

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "A motion to return seized property under Fed.R.Crim.P. 41(g), is a motion in equity, in which courts will determine all the equitable considerations in order to make a fair and just decision." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). "In order for an *owner* of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government." *Id*.

9

As a threshold matter, it was squarely within the district court's discretion to view Gonzalez's shifting ownership arguments with skepticism. *Young v City of Palm Bay*, 358 F.d 859, 863–64 (11th Cir. 2004).  The district court's "range of options [] included refusing to consider untimely filings," and the district court was not required to consider Gonzalez's untimely arguments about the ownership of the $600.  *Id.* at 864.

To the extent that Gonzalez has any possessory or ownership interest in the $600, the money is subject to the restitution order.  Although "the person from whom the property was seized is presumed to have a right to its return," the government may rebut the owner's allegations with evidence "that it has a legitimate reason to retain the property." *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001) (quoting *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)). Here, the government has done so by providing evidence that Gonzalez's unsatisfied restitution order created liens against the property in the government's possession.  Because the restitution lien could be enforced and the $600 applied to Gonzalez's restitution, the government demonstrated a legitimate reason to retain the property.  The restitution evidence also effectively mooted Gonzalez's motions because, having shown that the money would be applied to restitution, it no longer mattered whether Gonzalez had a possessory interest in the funds.  Even if we assume Gonzalez had a possessory interest in the $600

10

sufficient to invoke Rule 41(g), the district court would have denied Gonzalez's motions and applied the $600 to his unsatisfied restitution.  Thus, the district court did not abuse it discretion in denying Gonzalez's motions as moot.

We also consider Gonzalez's argument that his motions for return and motion for retention of property should prevail because the $600 belongs to his mother.  Generally, however, "a party may not appeal to protect the rights of others."  15A C. Wright, A. Miller, & H. Cooper, *Federal Practice and Procedure* § 3902, at 68.  Thus, Gonzalez cannot appeal the district court's order to the extent that the $600 belongs to his mother.[4]

Accordingly, the district court did not err in denying Gonzalez's motions for return of property.  Therefore, we affirm.

**AFFIRMED.**

---

[4] At this time, no third party claim has been submitted for the currency at issue.  Accordingly, we do not opine whether any other processes remain available to Gonzalez's mother (the purported owner of the $600) to seek the return of the property on her own behalf.

11