**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4406
_____

UNITED STATES OF AMERICA

v.

MARK GREEN,
    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-08-cr-00044-001)
District Judge:  Honorable Juan R. Sánchez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 21, 2014

Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: October 28, 2014)
_____

OPINION[*]
_____

PER CURIAM

---

[*]  This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Mark Green appeals the District Court's order denying his motion for return of property under Rule 41(g) of the Federal Rules of Criminal Procedure. We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's order for abuse of discretion. United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999). For the reasons set forth below, we will vacate the District Court's order and remand for further proceedings.

In November 2009, a jury in the Eastern District of Pennsylvania found Green guilty of several offenses relating to access-device fraud and identity theft. The District Court sentenced him to 139 months' imprisonment and ordered the forfeiture of his Mercedes-Benz and $9,000. United States v. Green, 516 F. App'x 113, 117 (3d Cir. 2013). This Court affirmed his conviction and sentence. Id.

In the District Court, Green filed a counseled motion under Rule 41(g), seeking the return of two computers, a 2007 Dodge Charger, $4,000 in cash, personal papers, keys, printers, office equipment, a word processor, a typewriter, a driver's license, a fax machine, a copy machine, credit cards, and clothes. In response, the Government asserted that it did not oppose "the return of any of the items of a non-criminal nature." However, the Government maintained that all items that had been seized from Green's apartment had been transferred to the United States Secret Service, that the 2007 Dodge Charger had been conveyed to the lien holder, and that it had never seized clothing or cash.

The District Court denied Green's motion without an evidentiary hearing. The Court accepted the Government's representation that it had "either returned to Green the

2

items to which he was entitled, transferred the items to the Secret Service, or never possessed the items in the first place." Green then filed a timely notice of appeal to this Court.

On appeal, Green argues primarily that the District Court erred in denying his motion without holding a hearing or calling for additional evidence. The Government, exhibiting commendable candor, agrees. We likewise agree.

As we explained in Chambers, after the termination of criminal proceedings, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." 192 F.3d at 377. To carry its burden, "[t]he government must do more than state, without documentary support, that it no longer possesses the property at issue." Id. at 377-78; see also United States v. Albinson, 356 F.3d 278, 283 (3d Cir. 2004) ("Allowing the government to defeat a Rule 41(g) motion simply by asserting that it no longer retains possession of the property would frustrate the purpose of the Fed R. [Crim.] P. 41(g) evidentiary inquiry set forth in Chambers."). That standard was not satisfied here — instead, the District Court accepted the Government's unsupported assertions that it either never had or no longer possessed Green's property. Accordingly, we will vacate the District Court's order and remand for further proceedings.[1]

However, we reject Green's argument that the case should be remanded to a different District Judge. We have emphasized that "reassignment is an extraordinary

---

[1] In its brief to this Court, the Government represents that, while this appeal has been pending, the Secret Service has released numerous items of property to Green. We will leave it to the District Court to determine in the first instance whether Green has received the items that he seeks or whether disputes remain.

remedy that should seldom be employed," which will generally be appropriate only in cases "involv[ing] apparent bias deriving from an extrajudicial source, meaning something above and beyond judicial rulings or opinions formed in presiding over the case." United States v. Bergrin, 682 F.3d 261, 282 (3d Cir. 2012). Green has failed altogether to make this showing.[2] See, e.g., Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam).

Accordingly, we will vacate the District Court's order and remand for further proceedings consistent with this opinion.

---

[2] Green argues that we should bar the Government from participating in this appeal because it failed to object to his Rule 41(g) motion. However, his premise is wrong — the government did in fact oppose his motion, as the District Court's order makes clear — and we will deny his request.