BLD-035                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3748
_____

IN RE:  MARK GREEN,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. no. 2:08-cr-00044-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 3, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: November 17, 2016)
_____

OPINION*
_____

PER CURIAM

I.

Mark Green petitions for a writ of mandamus to compel the United States District

Court for the Eastern District of Pennsylvania to rule on his motion to vacate sentence

under 28 U.S.C. § 2255 and his motion to return his property.  We will deny the petition

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

without prejudice.

In 2009, Green was convicted of offenses relating to access-device fraud and identity theft. The District Court sentenced him to 139 months in prison and ordered the forfeiture of a Mercedes-Benz and $9,000. Green's direct appeal was unsuccessful. United States v. Green, 516 F. App'x 113, 117 (3d Cir. 2013). Back in the District Court, and with the assistance of appointed counsel, Green litigated a motion under Rule 41(g) for the return of property. The District Court denied the motion. On appeal, the Government conceded error, and we remanded for further proceedings. United States v. Green, 581 F. App'x 123 (3d Cir. 2014).

On June 12, 2015, Green filed a motion to vacate under 28 U.S.C. § 2255, which he later amended. The matter was fully briefed as of November 29, 2015. On January 11, 2016, Green filed motions seeking final rulings on both his motion to vacate and his motion for the return of property. On February 19, 2016, Green filed a motion for release on bail pending the District Court's ruling on his § 2255 motion. In June 2016, Green filed a petition for a writ of mandamus in this Court seeking an order directing the District Court to rule on his motion for bail, or an order granting his release, see C.A. # 16-2649, which we denied on August 25, 2016. On September 1, 2016, the District Court denied Green's motion for bail, and on October 21, 2016, denied as moot Green's request to rule on his motion for the return of property. Green now seeks a writ of mandamus ordering the District Court to rule on his motions to vacate and for the return of property. He also submitted a motion seeking to proceeding in forma pauperis ("IFP") in this

2

matter, and seeks to be relieved from the requirement of filing a prisoner account statement in support of this petition.

## II.

The writ of mandamus is a "drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). The petitioner must have "no other adequate means to attain the relief" he seeks, and it must be "clear and indisputable" that the petitioner is entitled to relief. Id. at 378-79. We may issue a writ of mandamus "on the ground that undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997).

Green asks this Court to issue an order directing the District Court to decide his motion to vacate and his motion for return of property within 30 days or less. The District Court has ruled on his motion for return of property, thereby rendering moot that portion of Green's petition. As for Green's § 2255 motion, the District Court recently denied Green's motion for bail pending a ruling on that motion and we are confident that the District Court will rule on Green's § 2255 motion without undue delay. Accordingly, we will deny Green's petition for a writ of mandamus, without prejudice to his filing another should it become warranted. The motion to proceed in forma pauperis and for relief from filing a prisoner account statement in support of that motion is granted. See Madden, 102 F.3d at 78.

3