**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1821
_____

UNITED STATES OF AMERICA

v.

ARTHUR ROWLAND,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:18-cr-00579-002)
District Judge: Honorable Gerald J. Pappert

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 25, 2024

Before: KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed; July 1, 2024)
_____

OPINION[*]
_____

PER CURIAM

Arthur Rowland appeals an order of the District Court denying his pro se motion

under Federal Rule of Criminal Procedure 41(g) to return nine pieces of personal jewelry

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

seized during the narcotics-trafficking investigation that would lead to Rowland's drug and gun convictions and 480-month term of incarceration. The District Court's order will be vacated, and the matter remanded for further proceedings.

I.

"[T]he Government may seize evidence for use in investigation and trial, but [ ] it must return the property once the criminal proceedings have concluded, unless it is contraband or subject to forfeiture." United States v. Bein, 214 F.3d 408, 411 (3d Cir. 2000). Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Stated another way: Rule 41(g) "allows persons deprived of property by the government to petition the courts to get it back." United States v. Nocito, 64 F.4th 76, 78 (3d Cir. 2023).

Rowland filed his Rule 41(g) motion after he was convicted of several offenses and sentenced by the District Court, and while awaiting resolution of his direct appeal.[1] The motion itemized the nine pieces of seized jewelry and demanded their return on the ground that they were neither contraband nor subject to forfeiture.

The Government effectively conceded that the jewelry was in its possession and that it was neither contraband nor subject to forfeiture. The Government argued that Rowland's motion should be denied as premature, however, given the pendency of the

---

[1] Rowland's direct appeal is docketed C.A. No. 22-3022.

direct appeal and the prospect of future proceedings challenging Rowland's convictions and sentence.

The District Court agreed with the Government and entered an order denying Rowland's motion without prejudice to renewal, "if necessary," upon his "case's conclusion." DC ECF No. 508. Reasoned the District Court: "Given the pendency of Rowland's appeal and potential for subsequent collateral attacks, the criminal proceedings have not terminated and Rowland has not demonstrated that he is entitled to return of the property at this time." Id.

Seeking immediate review of the District Court's order, Rowland filed this pro se appeal.

II.

Initially, we consider our jurisdiction.[2] In doing so, we observe that "Congress has [ ] given the federal circuit courts jurisdiction over 'appeals from all final decisions of the district courts,'" OI Eur. Grp. B.V. v. Bolivarian Rep. of Venezuela, 73 F.4th 157, 174 (3d Cir. 2023) (quoting 28 U.S.C. § 1291), and that a decision is "final" if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," Catlin v. United States, 324 U.S. 229, 233 (1945).

---

[2] After Rowland's opening brief was deemed filed, an order of the Clerk directed the Government to address, among other issues, appellate jurisdiction. The Government did so, arguing that appellate jurisdiction to review the District Court's order is lacking. Rowland then repeated his contrary view in his reply brief. Whether or not we have appellate jurisdiction, "[w]e always have jurisdiction to determine our own jurisdiction." Zurn Indus., LLC v. Allstate Ins. Co., 75 F.4th 321, 326 (3d Cir. 2023).

3

There is a question whether the underlying order is "final" and immediately appealable, as the District Court denied Rowland's Rule 41(g) motion "without prejudice" to renewal at some later time. Cf. Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam) ("Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action."). We answer that question in favor of appellate jurisdiction, for either of two reasons dictated by our precedent.

First, the District Court was unequivocal in its ruling that the substance of Rowland's Rule 41(g) motion would not be considered during the pendency of the direct appeal, nor for so long as Rowland may wish to challenge the criminal judgment in collateral proceedings. This procedural defect in Rowland's motion, as perceived by the District Court, was not fixable as a practical matter. See id. at 951–52 (explaining that appellate jurisdiction over a without-prejudice dismissal of a complaint exists where "the plaintiff cannot amend" the complaint to cure the identified defect); cf. Pa. Fam. Inst., Inc. v. Black, 489 F.3d 156, 162 (3d Cir. 2007) (per curiam) ("Borelli does not apply 'where the district court has dismissed based on justiciability and it appears that the plaintiffs could do nothing to cure their complaint.'") (citation omitted).[3]

---

[3] Even if, subsequent to the District Court's dismissal of the Rule 41(g) motion, Rowland were to (1) voluntarily withdraw his direct appeal, and (2) forswear initiating any collateral-attack proceedings, that would only create an environment in which the District Court would be receptive to a new Rule 41(g) motion. Doing so would not remove the inherent defect the District Court found in the original motion.

4

Second, Rowland has evinced "a clear and unequivocal intent" to forgo the District Court's invitation to renew the Rule 41(g) motion at some later time (possibly years into the future), and to instead seek immediate review of the District Court's decision. Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019); cf. The Three Friends, 166 U.S. 1, 40 (1897) ("It is objected that the decree was not final, but, inasmuch as the libel was ordered to stand dismissed if not amended within 10 days, the prosecution of the appeal, within that time, was an election to waive the right to amend, and the decree of dismissal took effect immediately."). Rowland has done so not only by filing this appeal, but through specific arguments in his submission on jurisdiction and in his briefing in this Court.

Exercising appellate jurisdiction under these particular circumstances, moreover, is no affront to the *policy* behind § 1291's finality rule. Cf. Nocito, 64 F.4th at 81 (explaining, in the context of a criminal case, that "the [finality] rule is intended to prohibit 'piecemeal appellate review' and discourage the disruption of 'ongoing criminal prosecutions'") (citation omitted). Indeed, "there is nothing 'piecemeal' about the appellate review" of an order adjudicating no more than a defendant's property rights, alongside a separate appellate proceeding adjudicating the validity of the defendant's existing convictions and sentence. Allen v. Grist Mill Cap. LLC, 88 F.4th 383, 395 (2d Cir. 2023); cf. Richey v. Smith, 515 F.2d 1239, 1243 n.6 (5th Cir. 1975) (noting that "because the motion for return is a discrete action, not tied to any other civil or criminal proceedings, to grant review would not frustrate the policy against piecemeal review in federal cases").

5

We thus exercise jurisdiction under § 1291 and proceed to review the District Court's Rule 41(g) order.

III.

Rule 41(g) rulings are typically reviewed for abuse of discretion. See United States v. Albinson, 356 F.3d 278, 281 (3d Cir. 2004). Attendant questions of law are reviewed de novo. Cf. United States v. Bennett, 423 F.3d 271, 274 (3d Cir. 2005).

IV.

The District Court declined to address the substance of Rowland's Rule 41(g) motion in light of the pendency of his direct appeal and the potential for collateral-attack proceedings in the future. That was error.

District courts have jurisdiction to consider true Rule 41(g) motions regardless of whether a criminal prosecution is presaged, pending, or perfected. See Peloro v. United States, 488 F.3d 163, 172 (3d Cir. 2007); United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999); cf. United States v. Wilson, 540 F.2d 1100, 1103 (D.C. Cir. 1976) ("[I]t is fundamental to the integrity of the criminal justice process that property involved in the proceeding, against which no Government claim lies, be returned promptly to its rightful owner. Therefore, the district court has both the jurisdiction and duty to return such property."). A Rule 41(g) motion filed by a defendant after conviction, even if lodged on the criminal docket, is treated as a separate "civil proceeding for equitable relief." Bein, 214 F.3d at 411. An active direct criminal appeal is thus no impediment to resolving the merits of the defendant's Rule 41(g) motion seeking only the return of seized property. See United States v. White, 582 F.3d 787, 806 n.3 (7th Cir. 2009).

6

The phase of the relevant criminal prosecution, however, does delineate which party to a Rule 41(g) proceeding must shoulder the burden of proof. If that prosecution is "pending" when the Rule 41(g) motion is filed, "the burden is on the movant to show that he or she is entitled to the property." Chambers, 192 F.3d at 377 (citing United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987)).

Once the criminal prosecution has "terminated," the burden of proof shifts to the government, which must "demonstrate that it has a legitimate reason to retain the property." Id. (citing Martinson, 809 F.2d at 1369); see also id. ("The government may meet this burden by demonstrating 'a cognizable claim of ownership or right to possession' adverse to that of the movant.") (citation omitted). That point-of-shift has been defined as follows: "[W]hen the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or, as here, the government has abandoned its investigation, the burden of proof changes." Martinson, 809 F.2d at 1369; cf. United States v. Premises Known as 608 Taylor Ave., Apartment 302, Pittsburgh, Pa., 584 F.2d 1297, 1303 (3d Cir. 1978) (discussing "case law dealing with the government's retention of property after the termination of a criminal trial," and observing that "[c]ourts which have insisted on the return of items of evidence after the end of a trial have reasoned that the government no longer had a valid reason for retaining the movant's property.").[4]

---

[4] Once a conviction has become final, the Government's burden to justify continued possession of the defendant's property transforms into an obligation to return, so long as the property is neither contraband nor subject to forfeiture. See Frein v. Pa. State Police, 47 F.4th 247, 253 (3d Cir. 2022) (citing Chambers, 192 F.3d at 376).

Applying those precepts, it is plain that the District Court had the power to rule on the merits of Rowland's motion. And because trial was "complete," sentence imposed and judgment entered by the District Court, Rowland's criminal proceedings had "terminated" under <u>Chambers</u> and for purposes of Rule 41(g).[5] So contrary to what was stated in the order under review (District Court: "Rowland has not demonstrated that he is entitled to return of the property at this time," DC ECF No. 508), it was *the Government*'s burden to prove that the subject property should not be returned, <u>see</u> <u>Martinson</u>, 809 F.2d at 1369.

V.

As a fallback position to its procedural arguments, the Government contends that Rowland's Rule 41(g) motion was properly denied because the seized property has "potential evidentiary value" at a retrial should Rowland succeed in obtaining relief from any of his convictions. Gov't Br. 20. Given that the property is apparently neither contraband nor subject to forfeiture, it makes sense that the Government focuses its

---

Accordingly, there is no merit to the Government's argument for indefinite possession of Rowland's property on the ground that, "even if all of Rowland's convictions are affirmed, he may well file a motion for relief under 28 U.S.C. § 2255." Gov't Br. 25; <u>cf.</u> <u>Frein</u>, 47 F.4th at 252 (explaining, in the context of a Fifth Amendment takings claim, that, "at the Founding, [a criminal] proceeding would have ended by the time the conviction was final, not after the prisoner had exhausted collateral review").

[5] Addressing <u>Chambers</u>'s use of "terminated," the Government argues that, pursuant to "the ordinary usage of that phrase," "[c]riminal proceedings are normally understood as encompassing more than a trial, but the entire matter from filing to conclusion." Gov't Br. at 22. The Government does not elaborate on "ordinary usage" or define "conclusion," and its argument does not mention <u>Frein</u> or confront the doctrinal underpinnings of <u>Chambers</u> (including <u>Martinson</u>).

merits argument on "potential evidentiary value." See Chambers, 192 F.3d at 377; cf. Frein, 47 F.4th at 252 ("Because the point of seizing evidence is to use it in a criminal proceeding, the government may hang onto it through that proceeding.").

But we cannot simply take the Government's word that it has a legitimate need to retain Rowland's property. There must be a factual basis, developed on the record. In this case, the question of whether the Government has carried its burden of proof as to all nine pieces of seized jewelry appears to require resolution of both legal *and* factual disputes. Cf. Premises Known as 608 Taylor Ave., 584 F.2d at 1304 ("If the government's sole interest in retaining the currency is for its use as evidence, the court should consider whether this purpose would be equally well served by the alternatives to holding the money itself which were suggested by Margolis."). As a result, we must leave it to the District Court on remand to conduct appropriate proceedings to resolve the merits of Rowland's Rule 41(g) motion. See Albinson, 356 F.3d at 281 ("Rule 41(g) directs a district court to 'receive evidence' on issues of fact necessary to dispose of the motion.") (quoting Fed. R. Crim. P. 41(g)).

VI.

For the reasons outlined above, the District Court's order will be vacated, and the matter remanded for further proceedings consistent with this Opinion.